```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**NELSON RIVAS ALVAREZ,**

    **Plaintiff,**

**v.**                  **//**        **CIVIL ACTION NO. 1:10CV175**
                                                  **(Judge Keeley)**

**UNITED STATES DEPARTMENT OF**
**TREASURY, INTERNAL REVENUE SERVICE,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

    On October 14, 2010, the pro se plaintiff, Nelson Rivas Alvarez ("Alvarez"), filed a complaint pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act, seeking compliance with nine records requests. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On January 13, 2012, the defendants, the United States Department of Treasury and the Internal Revenue Service ("IRS") (collectively "the defendants"), filed a Motion to Dismiss or for Summary Judgment. (Dkt. No. 24). Magistrate Judge Kaull issued a Roseboro notice on January 18, 2012, and on April 19, 2012, Alvarez filed a response in opposition to the defendants' motion.

    On April 26, 2012, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that the defendants' motion to dismiss or for summary judgment be granted and the plaintiff's complaint be dismissed. (Dkt. No. 34).

## ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge Kaull determined that Alvarez had failed to perfect, and thus failed to administratively exhaust, his January 2009, June 2009, May 2010, June 2010, July 2010, and August 2010 requests because he failed either to reasonably describe the records sought, establish his identity, or to agree to pay the requisite fees for searching, copying, and duplicating. As for the requests that Alvarez did perfect, Magistrate Judge Kaull determined that the IRS had conducted a reasonable and adequate search prior to informing the plaintiff that it had no records responsive to his requests.

The R&R also specifically warned Alvarez that his failure to file written objections to the recommendation, which identified specific portions of the R&R to which he objected and stated the basis for such objections, would result in the waiver of any appellate rights he might otherwise have on this issue. Alvarez filed objections on June 22, 2012, that urged the Court to find the R&R "unreasonable, unconstitutional, and unlawful." (Dkt. No. 39 at 2). These objections, which consist primarily of statutory excerpts and lengthy explanations of various legal principles, largely reiterate the same general arguments the magistrate judge rejected.

The Court is obligated to conduct a <u>de novo</u> review of portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, it need not conduct a <u>de</u>

novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

The plaintiff's objections refer to the R&R only once, on the first page. To the extent that this reference can be construed as an objection, it is merely a "general and conclusory" objection to the entire report. Orpiano, 687 F.2d at 47. The remainder of the plaintiff's brief contains a general restatement of his argument in response to the defendants' motion, i.e., that he provided the requisite identifying information and that the IRS is withholding documentation responsive to his requests. By and large, Alvarez's objections incorporate and repeat arguments he has already presented, and fail to specifically object to the magistrate judge's R&R. See Phillips v. Astrue, No. 6:10-53, 2011 WL 5086851, at *2 (W.D. Va. Oct. 25, 2011 ("General objections to a magistrate judge's report and recommendation, reiterating arguments already

3

presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." (citing <u>Veney v. Astrue</u>, 539 F.Supp.2d 841, 845 (W.D. Va. 2008)).

Nevertheless, given the plaintiff's <u>pro se</u> status and limited grasp of the English language, the Court has conducted a <u>de novo</u> review of the matters addressed by the magistrate judge. The lengthy opinion of Magistrate Judge Kaull is a careful, thorough, and well-reasoned decision that is grounded in the record of this case. Accordingly, for the reasons more fully stated in the R&R, the Court:

1. **ADOPTS** the R&R in its entirety (dkt. no. 34);
2. **GRANTS** the defendant's motion to dismiss or for summary judgment (dkt. no. 24); and
3. **ORDERS** that this case be **DISMISSED** and **STRICKEN** from the Court's docket.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies

4

**ALVAREZ v. U.S. DEPT. OF TREASURY, ET AL.**          **1:10CV175**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

of both orders to counsel of record and to the <u>pro</u> <u>se</u> plaintiff, certified mail, return receipt requested.

DATED: August 24, 2012.

<u>/s/ Irene M. Keeley</u><br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE